UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHIGAN RADIOLOGY INSTITUTE, PLLC,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendants. | Case No. 24-10866<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 19)

### I.   INTRODUCTION

Plaintiff Michigan Radiology Institute, PLLC ("Michigan Radiology") filed suit against defendant State Farm Mutual Automobile Insurance Company ("State Farm") in Washtenaw County Circuit Court (24-000293-NF) on March 11, 2024, seeking reimbursement for treatment provided to 76 of State Farm's insureds in connection with injuries they allegedly suffered in motor vehicle accidents. ECF No. 1. State Farm removed the suit to this Court on April 3, 2024. *Id.* Fifty claimants have been dismissed since the removal. ECF No. 19, PageID.122. On January 17, 2025, State Farm moved for summary judgment on most of the remaining claims. *Id.* The motion is

fully briefed, ECF Nos. 19, 21, 22, and the Court heard oral argument on September 17, 2025. For the following reasons, the Court grants State Farm's motion for summary judgment as to these claimants.

## II.   STANDARD OF REVIEW

If a party moves for summary judgment, it will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986).

Where the movant establishes a lack of a genuine issue of material

fact, the burden of demonstrating the existence of such an issue shifts to the

non-moving party to come forward with "specific facts showing that there is a

genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

(1986). That is, the party opposing a motion for summary judgment must

make an affirmative showing with proper evidence and must "designate

specific facts in affidavits, depositions, or other factual material showing

'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v.*

*Scott*, 329 F. Supp. 2d 905, 910 (E.D. Mich. 2004) (quoting *Anderson*, 477

U.S. at 252). To fulfill this burden, the non-moving party need only

demonstrate the minimal standard that a jury could ostensibly find in his

favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario*, *Ltd.*, 224 F.3d

797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's

pleadings will not satisfy this burden, nor will a mere scintilla of evidence

supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

The court's role is limited to determining whether there is a genuine

dispute about a material fact, that is, if the evidence in the case "is such that

a reasonable jury could return a verdict for the nonmoving party." *Anderson*,

477 U.S. at 248. Such a determination requires that the court "view the

evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id*. at 254. Hence, if plaintiffs must ultimately prove their case at trial by a preponderance of the evidence, then on a motion for summary judgment, the court must determine whether a jury could reasonably find that the plaintiffs' factual contentions are true by a preponderance of the evidence. *See id.* at 252-53. Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

The court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id*. at 327.

### III.   ANALYSIS

State Farm tailored its motion for summary judgment to address the specific issues as to each claimant.[1] The remaining disputed claims are

---

[1] In its response, Michigan Radiology agreed to dismiss the following claims: Thomas Nolte, Jessica Kassis, Michelle Manis, Nathan Mitchell, Richard Murphy, and Abraham Algomaie. ECF No. 21. Additionally, the parties'

categorized as follows:

> Barred pursuant to the one-year back rule: Veronica Miazga and Andrew Flentroy's claims;

> Barred under the post-reform version of M.C.L. 500.3145 because State Farm formally denied the claims more than one year before this lawsuit was filed: Efrank Yousif, Delano Ford, Gloria Orr-Thompson, Rock Holder, Nabeel Haddad, Kevin McGregor, Wendy Simpson,[2] and Maryam Bansfield's claims;

> Barred because the claimants failed to comply with the coordination-of-benefits provision in their respective policies: Brock Davis, Angelito Leoncio, and Jueronimore Smith-Bey's claims;

> Barred due to lack of coverage: Charlotte Washington's claim;[3]

> Barred because State Farm already paid amounts pursuant to M.C.L. 500.3157's fee schedule: Miya Hunter and Nichole Tyra's

_____

stipulated order of dismissal included Hannah Darling's claims. ECF No. 20. As such, the Court will focus solely on the remaining claims.

[2] Although Wendy Simpson is not mentioned as a claimant subject to dismissal in the motion, State Farm addresses her claim in its supporting brief and exhibits.

[3] Michigan Radiology failed to respond to State Farm's arguments as to this claimant. As such, Michigan Radiology has abandoned this claim and State Farm is entitled to summary judgment as a result. A plaintiff's failure to address a claim in response to a motion for summary judgment on that claim "demonstrates abandonment and waiver of the claim." *Crampton v. Kroger Co.*, 213 F. Supp. 3d 910, 913 (E.D. Mich. 2016); *See also Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 525 (6th Cir. 2006) (holding that where the appellant failed to respond to two claims, the appellant abandoned those claims).

claims.

ECF No. 19, PageID.122-23. The Court will address each in turn.

### a. Claims Barred by the Pre-Reform One-Year-Back Rule

State Farm argues that the pre-reform version of M.C.L. 500.3145(1) applies to Veronica Miazga and Andrew Flentroy's respective claims because their motor vehicle accidents occurred before the No-Fault reform amendment took effect. As a result, State Farm asserts that Michigan Radiology is not entitled to reimbursement for these claims because the treatment accrued more than one year before the present action was filed. ECF No. 19. PageID.134-35. Here, the parties dispute whether 500.3145(3)'s tolling provision applies because Michigan Radiology rendered services to those claimants after the statute was amended, and if it does apply, whether State Farm "formally denied" its claims to end such tolling.

Before its amendment in 2019, 500.3145(1) provided, in relevant part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be

commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. [MCL 500.3145(1), as enacted by 1972 PA 294.]

Section 500.3145 was amended by 2019 PA 21, effective June 11, 2019, and now provides, in relevant part:

(1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

(2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

(3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence.

The key aspect of the pre-amendment version of 500.3145(1) was the

"one-year-back rule," which strictly limited benefit claims to expenses

incurred within the year preceding the filing of the action. In effect, a claimant

could only recover benefits for medical services if the action was filed within

Page **7** of **23**

one year of when the medical services were rendered. If more than a year

had passed, the statute barred recovery for those expenses. *See Joseph v.*

*Auto Club Ins. Ass'n.*, 815 N.W.2d 412, 423 (Mich. 2012).

But under the post-amendment version of 500.3145(1), the one-year

period may be extended under 500.3145(3)'s tolling provision, which allows

a claimant to seek benefits outside of the one-year limit depending on: (1)

the timing of the insurer's response to the claim and its issuing of a formal

denial, and (2) whether the person claiming benefits pursues the claim with

reasonable diligence.

Here, it is undisputed that Michigan Radiology rendered services for

Miazga and Flentroy on December 28, 2022 and May 11, 2022, respectively.

ECF No. 19, PageID.135-36; ECF No. 21, PageID.271-73. Michigan

Radiology's complaint regarding these claims was filed on March 11, 2024.

"PIP benefits accrue when they are incurred, MCL 500.3110(4), and are

incurred when the insured receives medical treatment and becomes

obligated to pay." *Spine Specialists of Michigan, PC v. MemberSelect Ins.*

*Co.*, 5 N.W.3d 108, 113 (Mich. Ct. App. 2022) (citation omitted). Indeed,

once Michigan Radiology rendered those services, it had one year to

commence an action to recover any unpaid benefits—which it failed to do.

Moreover, even if the Court found 500.3145(3)'s tolling provision applied, the

result would be the same. State Farm issued an Explanation of Review ("EOR") denying Miazga's claim on January 24, 2023, and Flentroy's on June 3, 2022. ECF Nos. 21-3, 21-4. If tolling applied, Michigan Radiology had one year to pursue reimbursement for those claims from the date of the denials—which again, it did not do. As such, State Farm is not required to reimburse Michigan Radiology for these untimely claims.

The Court is not persuaded by Michigan Radiology's argument that Miazga and Flentroy's claims continue to be tolled because State Farm has not issued a "formal denial" pursuant *to Encompass Healthcare, PLLC v. Citizens Ins. Co.*, 998 N.W.2d 751 (Mich. Ct. App. 2022). *Encompass* assessed what constitutes a "formal denial," and explained that "a formal denial ends tolling (and commences the running of the one-year-back rule) because it unequivocally impresses upon the insured that the extraordinary step of pursuing relief in court must be taken." *Id.* at 757 (quotation marks, citation, and alteration omitted). Further, "while a formal denial need not be in writing, it must be 'sufficiently direct.'" *Id.* (citation omitted). In other words, "a formal denial such as is necessary to end tolling must be explicit and unequivocally impress upon the insured the need to pursue further relief in court" and that "an insurer may end the tolling period by explicitly indicating that the insurer is denying all liability in excess of what it has paid." *Smitham*

*v. State Farm Fire & Cas. Co.*, 824 N.W.2d 601, 607 (Mich. Ct. App. 2012).

Considering this guidance, the *Encompass* court evaluated the EORs at

issue and determined they were not sufficiently explicit and direct to

constitute formal denials. 998 N.W.2d at 758. Specifically, "[t]he EORs

included no language clearly stating that the claims were denied, at least not

with the finality and clarity required to end the tolling period." *Id.*

The Court finds the EOR's at issue here distinguishable from those in

*Encompass*. Miazga and Flentroy's EORs unequivocally state that "this is to

serve as a formal denial of any unpaid portion of the above services." ECF

No. 21-3, PageID.298; ECF No. 21-4, PageID.300. The language of the

EORs is explicit and direct, leaving no doubt that "any unpaid portion" of the

claim was definitively denied. Accordingly, the Court maintains that Michigan

Radiology's claims were untimely because it failed to challenge State Farm's

denials within the prescribed one year. Summary judgment for State Farm as

to the Miazga and Flentroy claims is appropriate.

### b. Claims Barred by the Post-Reform One-Year-Back Rule

The Court turns to Michigan Radiology's claims regarding Efrank

Yousif, Delano Ford, Gloria Orr-Thompson, Rock Holder, Nabeel Haddad,

Kevin McGregor, Wendy Simpson, and Maryam Bansfield. State Farm

asserts that these claims are barred because State Farm formally denied

their claims more than one year before this lawsuit was filed. It is undisputed that these claimants were in motor vehicle accidents and received treatment from Michigan Radiology after the No-Fault reform amendment became effective. As previously discussed, the one-year-back rule may be extended under the amended 500.3145(3)'s tolling provision, which requires a formal denial to end tolling and begin the one-year-back period. Such a denial unequivocally signals to the insured (or provider in this case) that it must take the significant step of seeking relief through the courts. *Encompass,* 998 N.W.2d at 757.

Regarding Efrank Yousif's treatment, State Farm asserts that it denied this claim on July 1, 2022, and Michigan Radiology failed to pursue this claim within the prescribed one-year period. As an initial matter, the Court notes that the EOR does not include the typical denial provision stating that "[the EOR] is to serve as a formal denial of any unpaid portions of the above services." ECF No. 19-1, PageID.161. Nevertheless, State Farm maintains that Michigan Radiology is not entitled to tolling because it failed to meet its burden of pursuing this claim with reasonable diligence. ECF No. 22, PageID.338. The Court agrees. Indeed, the tolling provision "does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence." *See* § 500.3145(3). Although the Michigan legislature and the

Michigan Supreme Court have not explicitly defined "reasonable diligence" under § 500.3145(3), the Court finds guidance in the discussion of due diligence in the context of PIP benefits in *Griffin v. Trumbull Ins. Co.*, 983 N.W.2d 760 (Mich. 2022). There, the Michigan Supreme Court advised that a claimant must be diligent in his pursuit of a claim for PIP benefits. *Id.* at 767. "Due diligence requires a good-faith effort to fulfill a legal obligation or requirement that could ordinarily be expected of a person under the factual circumstances." *Id.* It is "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." *Id.* (quotation marks and citation omitted; alteration in original). The court in *Griffin* further explained that "[r]equiring a claimant to identify potential insurers and pursue a PIP benefits claim with due diligence is consistent with the purpose of the no-fault act and its limitation period." *Id.*

Michigan Radiology has not shown that it exercised the requisite diligence as to Yousif's claim. For example, there is nothing in the record demonstrating that Michigan Radiology contacted State Farm to inquire about the lack of payment or approval for services rendered, or otherwise took action to pursue payment for Yousif's claim before filing suit, which indicates a lack of "diligence reasonably expected from and ordinarily

exercised by, a person who seeks to satisfy a legal requirement . . . ." *Id.*

Accordingly, this claim is barred by the one-year-back rule.

As it relates to Delano Ford[4], Gloria Orr-Thompson[5], Rock Holder[6], Nabeel Haddad[7], Kevin McGregor[8], Wendy Simpson[9], and Maryam Bansfield[10], State Farm issued EORs to Michigan Radiology denying its

---

[4] On December 29, 2022, State Farm issued its EOR to Michigan Radiology denying all claims for services rendered to Delano Ford. ECF No. 19-1, PageID.165-66.

[5] Orr-Thompson received medical services from Michigan Radiology on April 26, 2022, and it failed to pursue a claim for reimbursement within one year after receiving State Farm's formal denial on May 11, 2022. ECF No. 19-1, PageID.168-69.

[6] Holder received medical services from Michigan Radiology on July 1, 2022, and it failed to pursue a claim for reimbursement within one year after State Farm formally denied its claim on September 2, 2022. ECF No. 19-1, PageID.176.

[7] Haddad received medical services from Michigan Radiology on May 17, 2022, and it failed to pursue a claim for reimbursement within one year of State Farm's formal denial dated June 14, 2022. ECF No. 19-1, PageID.171.

[8] McGregor received medical services from Michigan Radiology on August 18, 2022, and it failed to pursue a claim for reimbursement within one year of State Farm's formal denial dated September 13, 2022. ECF No. 19-1, PageID.174.

[9] Simpson received medical services from Michigan Radiology on August 8, 2022, and it failed to pursue a claim for reimbursement within one year of State Farm's formal denial dated September 13, 2022. ECF No. 19-1, PageID.179.

[10] Bansfield received medical services from Michigan Radiology on July 25,

claims for services rendered to each insured. Thus, Michigan Radiology was required to pursue these claims within one year from these denials pursuant to 500.3145(3), but it failed to do so. Michigan Radiology again attempts to save these claims by arguing that the EORs do not suffice as formal denials under *Encompass* such that the one-year back period continued to toll. But each of the EORs unequivocally state that "this is to serve as a formal denial of any unpaid portions of the above services." The language of the EORs is explicit and direct, leaving no doubt that "any unpaid portion" of the claims was definitively denied. Again, the Court finds that Michigan Radiology's claims regarding the treatment rendered to Ford, Orr-Thompson, Holder, Haddad, McGregor, Simpson, and Bansfield are untimely because it failed to challenge State Farm's denials within the prescribed year.

### c. Claims Barred by Coordination of Benefits Provision

State Farm next contends that Michigan Radiology is not entitled to reimbursement for services rendered to Brock Davis, Angelito Leoncio, and Jueronimore Smith-Bey because it did not make reasonable efforts to submit its bills to the claimants' respective health insurance carriers, which were the primary payors of allowable expenses.

---

2022, and it failed to pursue a claim for reimbursement within one year of State Farm's formal denial dated August 11, 2022. ECF No. 19-1, PageID.182.

Under MCL 500.3109a, a person can elect to coordinate their health-insurance coverage with their no-fault coverage. *See* MCL 500.3109a(1). Choosing a policy with a coordinated benefits provision lowers the insured's no-fault insurance premiums. The Michigan Supreme Court has noted, however, that "[i]nsureds who coordinate, and thus pay a reduced premium ... are deemed to have made the health insurer the '*primary*' insurer respecting injuries in an automobile accident." *Tousignant v. Allstate Ins. Co.*, 506 N.W.2d 844, 848 (Mich. 1993) (emphasis added); *see also St. John Macomb Oakland Hosp. v. State Farm Mut. Auto. Ins. Co.*, 896 N.W.2d 85, 89 (Mich Ct. App. 2016). As a result, "a no-fault insurer is not subject to liability for medical expenses that the insured's health care insurer is required, under its contract, to pay for or provide." *Tousignant*, 506 N.W.2d at 845–46 (footnote omitted). If an insured "chooses to coordinate no-fault and health coverages" under MCL 500.3109a(1), he or she must "obtain payment and services from the health insurer to the extent of the health coverage available from the health insurer." *Id.* at 847. The Michigan Court of Appeals similarly opined that "[w]hen no-fault coverage and health insurance are coordinated, the health insurer is *primarily liable* for the insured's medical expenses." *Farm Bureau Gen. Ins. Co. v. Blue Cross Blue Shield of Mich.*, 884 N.W.2d 853, 859 (Mich. Ct. App. 2016) (emphasis

added).

### i. Brock Davis

State Farm argues that Michigan Radiology was required to submit

Brock Davis' claims to his primary insurance, Blue Cross Blue Shield,

pursuant to the coordinate benefits provision outlined in his automobile

insurance policy. ECF No. 19-1, PageID.189. As an initial matter, it is unclear

from Davis' deposition testimony whether he had health insurance when the

motor vehicle accident occurred:

Q: Did you have health insurance when this accident occurred?

**A: I believe so, yes. I'm not sure.**

Q: Who do you think it is?

**A: I'm not sure because – I'm not sure. I believe I still had Blue
Cross Blue Shield under my mother at the time. So I don't – I
don't know exactly.**

ECF No. 19-1, PageID.199. Nevertheless, State Farm asserts that it has not

received proof that Michigan Radiology submitted its bills to Blue Cross Blue

Shield since this lawsuit was filed. ECF No. 19, PageID.142. In response,

Michigan Radiology makes an unsupported assertion that when it "went to

verify Ms. Davis' health insurance they were told it was inactive as of Oct.

15, 2022." ECF No. 21, PageID.284. But Michigan Radiology did not provide

any documentation showing that it ran this verification check or attempted to

submit this claim to Davis' purported insurer before pursuing reimbursement from State Farm or filing this suit. Therefore, it has failed to demonstrate it made reasonable efforts to obtain payments available from the health insurer. *See St. John Macomb-Oakland Hosp.*, 896 N.W.2d at 89.

### ii.   Jueronimore Smith-Bey

State Farm argues that Michigan Radiology was required to submit Smith-Bey's claims to his primary insurance, Ascension Health Insurance, pursuant to the coordinated benefits provision outlined in his automobile insurance policy. ECF No. 19-1, PageID.192, PageID.202. State Farm also provided proof of Smith-Bey's insurance card, which Michigan Radiology produced pursuant to a subpoena. ECF No. 22-1, PageID.346-50. Michigan Radiology did not provide any documentation showing that it made any effort, let alone a reasonable effort, to submit bills to Smith-Bey's insurer before pursuing reimbursement from State Farm. Therefore, it has failed to demonstrate a genuine issue of material fact as to Smith-Bey's claim.

### iii.   Angelito Leoncio

State Farm argues that Michigan Radiology was required to submit Leoncio's claims to his primary insurance pursuant to the coordinated benefits provision outlined in his automobile insurance policy. ECF No. 19-1, PageID.194. Although State Farm asserts that Leoncio "had HAP health

insurance, policy no. 100054641000, at the time of his August 23, 2022 accident, and through the date of service . . .," it failed to provide any supporting documentation confirming this coverage. ECF No. 19, PageID.143. Nevertheless, Michigan Radiology did not provide any documentation showing that it made any effort, let alone a reasonable effort, to submit bills to Leoncio's purported insurer before pursuing reimbursement from State Farm. This is insufficient to support Michigan Radiology's claim, as a claimant "must make reasonable efforts to obtain payments that are available from the health insurer in order to establish that the benefits are not payable by the health insurer." *St. John Macomb-Oakland Hosp.*, 896 N.W.2d at 89.

Michigan Radiology claims that, to date, it has not received an EOR for its September 22, 2022 bill for Leoncio's claim, so it was not aware of the basis for any alleged denial, and its claim is still accruing as a result. But to the extent that Michigan Radiology appears to contend that it never received written denial, "a formal denial [for purposes of the tolling provision in MCL 500.3145(3)] need not be in writing." *Encompass*, 998 N.W.2d at 757. The denial must merely be "sufficiently direct." *Id.* (quotation marks and citation omitted). To be sufficiently direct, the denial must "unequivocally impress upon the insured that the extraordinary step of pursuing relief in court must

be taken." *Id.* at 758 (cleaned up).

Here, it is difficult to imagine that it had not been "unequivocally impressed" upon Michigan Radiology "that the extraordinary step of pursuing relief in court must be taken" when it filed suit based on State Farm's lack of payment. *Id.* Moreover, 500.3145(3)'s tolling provision "does not apply if the person claiming the benefit fails to pursue the claim with reasonable diligence." Michigan Radiology does not point to evidence that it pursued reimbursement for Leoncio's treatment other than submitting one bill to State Farm. With no evidence of any follow-up to its single submitted bill, Michigan Radiology has not demonstrated that it made a reasonable effort to obtain payments from Leoncio's primary insurer or pursued its claim to State Farm with reasonable diligence to be entitled to 500.3145(3)'s tolling provision. Accordingly, State Farm is entitled to summary judgment against Michigan Radiology relative to Leoncio's claim.

### d. Claims Barred by Fee Scheule Payments

Lastly, State Farm argues that it is entitled to summary judgment on Michigan Radiology's claims as to Miya Hunter and Nichole Tyra because State Farm paid their medical expenses pursuant to the applicable fee schedule. ECF No. 19, PageID.148-49. It is undisputed that 500.3157(2)'s fee schedule applies to Hunter and Tyra's claims because Michigan

Radiology rendered treatment to them after July 1, 2022 and before July 2, 2023:

> (2) Subject to subsections (3) to (14), a physician, hospital, clinic, or other person that renders treatment or rehabilitative occupational training to an injured person for an accidental bodily injury covered by personal protection insurance is not eligible for payment or reimbursement under this chapter for more than the following:
>
> ***
>
> (b) For treatment or training rendered after July 1, 2022 and before July 2, 2023, 195% of the amount payable to the person for the treatment or training under Medicare.

*See* § 500.3157(2)(b). Michigan Radiology rendered services to Hunter on August 18, 2022 and to Tyra on January 5, 2023. ECF No. 19-1, PageID.232. The Court will address the arguments for each claimant in turn.

### iv.  Miya Hunter

It is undisputed that State Farm paid fee schedule amounts for all services except one $750 charge for CPT code 76494. ECF No. 19, PageID.149; ECF No. 21, PageID.285. State Farm argues that it formally denied the $750 charge on September 14, 2022, whereas Michigan Radiology counters that there was no denial. The Court agrees with State Farm that it did issue a formal denial. In its EOR, State Farm did not approve the submitted $750 amount billed for this service and offered the following

explanations:

> 12 - This CPT/HCPCS code is a non-specific code. As noted in CPT/HCPSC a description of this procedure must accompany the bill for proper consideration of payment and for verification of proper coding.
> 99 - The proper procedure code(s) referenced by the provider's office was used more than what is normally expected per visit.

ECF No. 19-1, PageID.232-33. It then stated that "this is to serve as a formal denial of any unpaid portion of the above services." *Id.* at PageID.233. The language of the EOR is explicit and direct, leaving no doubt that "any unpaid portion" of the claim was a definitive denial. Tolling ended once the claim was formally denied and the record shows that Michigan Radiology failed to pursue reimbursement for this claim within the prescribed one-year period. Additionally, and as State Farm correctly points out, Michigan Radiology billed CPT Code 76498 twice for that date of service and failed to offer any documentation as to why it is entitled to payment or that it pursued this claim with any reasonable diligence prior to filing this lawsuit. Accordingly, Michigan Radiology's claim to reimbursement for services rendered to Hunter is untimely.

### v. Nichole Tyra

Similarly to its claim for Hunter, it is undisputed that on January 31, 2023, State Farm paid fee schedule amounts for all services except for one

service, a $4,300 charge for CPT code 73221. ECF No. 19, PageID.149; ECF No. 21, PageID.285. Michigan Radiology claims that it is entitled to reimbursement because the denial was due to State Farm entering the incorrect CPT code. ECF No. 21, PageID.285. Even if this were the case, Michigan Radiology does not offer any evidence showing that it pursued this claim with any reasonable diligence—for example, by contacting State Farm to request a correction of the alleged error in its denial. Accordingly, Michigan Radiology's claim to reimbursement for services rendered to Tyra is untimely.

## IV.  CONCLUSION

The Court **GRANTS** State Farm's Motion for Summary Judgment. ECF No. 19. Michigan Radiology's claims related to the following insureds are dismissed from this action:

1. Charlotte Washington

2. Veronica Miazga

3. Andrew Flentroy

4. Efrank Yousif

5. Delano Ford

6. Gloria Orr-Thompson

7. Rock Holder

8.   Nabeel Haddad

9.   Kevin McGregor

10.  Maryam Bansfield

11.  Wendy Simpson

12.  Brock Davis

13.  Angelito Leoncio

14.  Jueronimore Smith-Bey

15.  Miya Hunter

16.  Nichole Tyra

**IT IS SO ORDERED.**

**THIS IS NOT A FINAL ORDER AND DOES NOT CLOSE THE CASE.**

s/Shalina D. Kumar_____
Shalina D. Kumar
United States District Judge

Dated: September 30, 2025